[Civil No. 734.    Filed June 1, 1901.]

[65 Pac. 149.]

COPPER QUEEN CONSOLIDATED MINING COMPANY, a Corporation, Petitioner and Appellant, v. THE BOARD OF EQUALIZATION OF COCHISE COUNTY, Respondent and Appellee.

1. JURISDICTION—INFERIOR TRIBUNALS—MUST APPEAR ON THE FACE OF PROCEEDINGS—PRESUMPTIONS.—In tribunals of special and limited jurisdiction the particular facts and circumstances upon which their jurisdiction is based must appear upon the face of the proceedings. No presumptions are indulged in favor of their jurisdiction, and it will be assumed that jurisdiction was wanting where the record does not show affirmatively that it has been acquired.

2. TAXES AND TAXATION—BOARD OF EQUALIZATION—JURISDICTION—LIMITED—RECORD—MUST SHOW AFFIRMATIVELY ALL FACTS NECESSARY TO GIVE JURISDICTION—PRESUMPTIONS.—The board of equalization, in acting upon the assessment-roll, is a body possessed of but limited and special powers. When its power and authority to do a particular thing are questioned, the record must exhibit affirmatively all the facts necessary to give it the authority to do the act complained of; otherwise, the presumption is against its jurisdiction.

3. SAME—SAME—SAME—ORIGINAL—APPELLATE—RECORD — FAILURE TO SHOW FACTS GIVING JURISDICTION—INCREASE OF ASSESSMENT—CONDITIONS PRECEDENT—REV. STATS. ARIZ. 1887, PAR. 2654, CON-

STRUED.—The statute, *supra*, defines and limits the power and authority of the board of equalization, and provides that its original jurisdiction to add to the valuation of property must be exercised at the July sitting, and that action on a day named after a reasonable notice to the persons interested, is essential as a condition precedent to confer that jurisdiction. It further provides that its jurisdiction at the August sitting is purely appellate, and is dependent upon the appearance before them of the person to the assessed value of whose property there was an amount added in July, and the affidavit of such person that he had no knowledge of such increased valuation. The record of the board showed that the original action of the board in adding to the assessed valuation was taken on the twelfth day of July, on which day appellant's superintendent was notified to be present on the nineteenth day of July, when the board would act in the matter; that said superintendent did not appear; that no action of the board was then taken, nor was there further action thereon until August 1st. The record is conflicting as to whether the addition was made on July 12th or August 1st. *Held*, that an examination of the record as furnished in the return failed to show the jurisdictional facts which would render legal or binding the action of the board in raising the assessment either on the twelfth day of July or the first day of August.

4. CERTIORARI—SUPERSEDEAS—SUBSEQUENT ACTION VOID.—Inasmuch as a writ of *certiorari* takes effect as a *supersedeas* upon its being delivered to the officer or board to whom it is directed, rendering all subsequent proceedings before him or it *coram non judice* and void, any attempted action of a board of equalization to increase an assessment sought to be reviewed after a writ of *certiorari* was issued to said board, commanding it to desist from further proceedings in relation to increase of such assessment, was void.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. George R. Davis, Judge. Reversed.

The facts are stated in the opinion.

Herring & Mitchell, for Appellant.

Whatever may be the particular language of the given statute creating tribunals with the powers of our boards of equalization, the cases clearly establish the following general principles: 1. That in the exercise of the powers conferred upon them, such tribunals, as in the case of all special tribunals created by statute, must follow strictly the method and procedure pointed out in the statute; 2. That the party to be affected by their acts is entitled to notice and a hearing,—in

other words, to a day in court,—otherwise the proceedings will be irregular and void; 3. That the proceedings of the tribunal are judicial in their nature, and should be based, therefore, upon investigation into the matter to be acted upon and upon evidence. *Alleghany County Commrs. etc.* v. *New York Mining Co.,* (Md. App.) 25 Atl. 864; *Dykes* v. *Lockwood Mortg. Co.,* 57 Kan. 416, 46 Pac. 711; *Hoefling* v. *City of San Antonio,* 15 Tex. Civ. App. 257, 38 S. W. 1127; *Eaton* v. *Union County Nat. Bank,* 141 Ind. 159, 40 N. E. 693; *Slaughter* v. *City of Louisville,* 89 Ky. 112, 8 S. W. 917; *Alabama etc. Ry. Co.* v. *Brennan,* 69 Miss. 103, 10 South, 451.

James Reilly, and Ben Morgan, for Appellee.

DOAN, J.—On the twenty-seventh day of July, 1899, the Copper Queen Consolidated Mining Company filed in the district court of the first judicial district in and for the county of Cochise an application for a writ of *certiorari* to review the action of the board of equalization of Cochise County in the matter of the assessment of the property of the said company, alleged to have been had on the twelfth day of July, 1899. The writ was issued on July 27, 1899, and was worded in part as follows:

"To the Board of Equalization, Cochise County, Arizona: You are hereby commanded to certify fully to the district court of the first judicial district, . . . and annex to this writ a transcript of the record and proceedings of said board, . . . and also a full, true, and correct transcript of the minutes of the board of equalization in the matter of the assessment of the property of the Copper Queen Consolidated Mining Company, . . . and also a transcript of any other action or proceeding of said board on or before July 12, 1899, in relation to the assessment of the property of said corporation, that the same may be reviewed by this court; and in the mean time you are required and commanded to desist from further proceedings in the matter to be reviewed in relation to the increased assessment made by you on the twelfth day of July, 1899, to wit: Bisbee, Copper Queen Consolidated Mining and Smelter Company were raised as follows on their assessment. Doctor's office, etc. (list as contained in return). And until the hearing and determination of said matters and proceed-

ings all further action and proceedings by you in relation thereto are hereby stayed. . . . ''

The board filed a sworn return to the writ on the twenty-fourth day of November, 1899, of which the following is a partial copy:

"Territory of Arizona, County of Cochise—ss.: Office of the Board of Equalization. I, Frank Hare, clerk of the board of equalization of Cochise county, do hereby certify and return to the writ of certiorari hereto annexed:

"1st. That the list of the property of the Copper Queen Consolidated Mining Company returned by the county assessor before July 1, 1899, was as follows, to wit:—

"Total valuation of real estate as per schedule A attached:

| | |
|---|---:|
| Value of land | $ 6,505 |
| Value of improvements | 42,050 |
| | |
| Total value | $48,555 |

Description of personal property:

| | |
|---|---:|
| Library | 300 |
| Pianos and organs | 100 |
| Merchandise of any and all kinds | 54,800 |
| Safe and office furniture | 1,500 |
| Work horses, No. 10 | 200 |
| Wagons and buggies and other vehicles | 475 |
| Harness, saddles, and bridles | 100 |
| Lumber and lagging | 7,880 |
| Hoisting works, pumping and other machinery at mines | 24,000 |
| Smelting works and appurtenances | 85,000 |
| Mill, mine, and smelter supplies of any and all kinds, including coke and coal | 9,750 |
| Surveyors' instruments | 50 |
| Assaying outfit | 100 |
| Tools and machinery, including other items and other property not enumerated above, ice machinery | 1,500 |
| | |
| | $234,310 |

| | |
|---|---:|
| Total value of personal property | $185,755 |
| Total value of real estate | 48,555 |
| | |
| | $234,310 |

"As sworn to by the agent of the company, Ben Williams.

"2d. That the proceedings of the board of equalization in the said matter were as follows:

" 'July 12th, 1899. Board met, pursuant to adjournment

July 11th, at 9 A. M., all members present, and proceeded with its labors as board of equalization. Clerk instructed to notify all persons whose valuation was raised to appear before the board on July 18th, 19th, and 20th. . . . Copper Queen Consolidated Mining & Smelting Company were raised as follows on their assessment:—

|  |  | Raise. |
|---|---|---:|
| Doctor's office and library building from $7,800 to $9,800 | | $ 2,000 |
| Hankin's store, Main street, from $750 to $1,000 | | 250 |
| Merchandise, from $54,800 to $84,800 | | 30,000 |
| On ten work horses, from $200 to $400 | | 200 |
| On lumber and lagging, from $7,880 to $10,000 | | 2,120 |
| On hoisting works, pumping and other machinery, from $24,000 to $39,000 | | 15,000 |
| On smelters, from $85,000 to $120,000 | | 35,000 |
| On mine and smelting supplies and coal, etc., from $9,750 to $11,750 | | 2,000 |
| On improvements consisting of store building, warehouse, hospital building, and doctor's residence, from $29,500 to $39,500 | | 10,000 |
| "Added" on cars and car track in mine | | 12,000 |

" 'Adjourned to July 18th, at 9 A. M. . . . '

"On the 12th day of July, by order of the board, I deposited in the Tombstone post-office a notice to the Copper Queen Consolidated Mining Company, in a sealed envelope, and directed to Ben Williams, the recorded agent of said Copper Queen Consolidated Mining Company, and superintendent, a notice, of which the following is a true copy:

" 'Office of the Board of Equalization, Cochise County, Tombstone, Arizona. Ben Williams, Superintendent, Bisbee: Referring to the inclosed list, you will ascertain the amount the county board of equalization proposes to add to your assessment. Should you wish to show cause why said amount should not be added, the board will hear you on July 19th, 1899. FRANK HARE, Clerk, by JAMES F. DUNCAN, Deputy Clerk. [List same as above.]'

"I further certify that by direction of the board I caused to be published in the Tombstone Prospector, a daily newspaper published in Cochise County, a notice of which the following is a true copy, for a period of eight days:—

" 'NOTICE.

" 'To property owners the assessed value of whose property was increased by the board of equalization at the July, 1899,

sitting.  Office of the Board of Supervisors, Tombstone, July 22d, 1899.  The following is the list of property the assessed valuation of which was raised by the board of equalization of Cochise County at its regular July, 1899, sitting, together with the names of the owners thereof, which said owners have failed to appear before said board in response to notification to appear and show cause, if any, why the raise should not be made.  Published in compliance with paragraph 2654, section 28, of the Revised Statutes of Arizona.

Amount Raised and Added.
Copper Queen Consolidated Mining and Smelting Co.:

| | |
|---|---:|
| On doctor's office and library building | $ 2,000 |
| On Hankin's store | 250 |
| On merchandise | 30,000 |
| On ten work horses | 200 |
| On lumber and lagging | 2,120 |
| On hoisting works and machinery | 15,000 |
| On smelters | 35,000 |
| On mine and smelting supplies | 2,000 |
| On store buildings and other buildings | 10,000 |
| On cars and car track | 12,000 |

" 'Now, notice is hereby given to the parties named in the foregoing list that the board of equalization of the county of Cochise, Arizona Territory, will again sit as a board of equalization on Tuesday, August 1st, 1899, at 10 A. M., at their office in the courthouse in the city of Tombstone, when all persons whose property was added to the value upon the assessment roll of Cochise County for the year 1899 by the board of equalization, and who failed to appear before said board at its July sitting, may appear before said board at its sitting on Tuesday, the 1st day of August, 1899, and, upon making affidavit that they had no knowledge of such increased valuation of their property, they will be heard pursuant to law.  R. W. BARR, Chairman.  FRANK HARE, Clerk.  JAMES F. DUNCAN, Deputy Clerk.'

" 'Tombstone, August 1st, 1899.  Board of supervisors met as a board of equalization pursuant to adjournment of meeting July 20th, at 10 A. M.  Members present: R. W. Barr, Chairman, John Montgomery, and M. C. Benton. . . . Copper Queen Consolidated Mining Company is proposed to be raised as follows:

Arizona 7—24

| | |
|---|---:|
| Doctor's office and library building, from $7,800 to $9,800...... | $ 2,000 |
| Hankin's store, Main street, from $750 to $1,000........... | 250 |
| Merchandise, from $54,800 to $84,800....................... | 30,000 |
| On ten work horses, from $200 to $400..................... | 200 |
| On lumber and lagging, from $7,800 to $10,000.............. | 2,200 |
| On hoisting works, pumping and other machinery, from $24,000 to $39,000............................................ | 15,000 |
| On smelters, from $85,000 to $120,000...................... | 35,000 |
| On mine and smelting supplies and coal, etc, $9,750 to $11,750.. | 2,000 |
| On improvements consisting of store building, warehouse, hospital building, and doctor's residence, from $29,500 to $39,500 | 10,000 |

" 'Whereas, on the 12th day of July, 1899, this board proposed to raise the assessment of the Copper Queen Consolidated Mining Company as set out in the minutes of the board on page 40 thereof as corrected; and whereas, the clerk of this board, by his deputy, did on that day post a notice directed to the superintendent and agent of said company, posted by mail, as appears by the oath of said deputy clerk, that this board would act on said case on July 19th, 1899, when the said company might appear to be heard on the matter, and no appearance having been made by said company on that or any day since; and whereas, the list of raises proposed to be made by this board was published by said clerk in the Tombstone Prospector on the 22d day of July, 1899, and continuously to this day, and still no appearance has been made by said company: Now, therefore, it is ordered that the raised valuation of the property of the said company as proposed (excepting the addition of $12,000 for cars and car track in mine) be, and the same is hereby, finally fixed as proposed to be raised. . . . R. W. BARR, Chairman. FRANK HARE, Clerk. JAMES F. DUNCAN, Deputy Clerk.' "

The case was tried before the court upon the record brought up in said return. The court rendered judgment that "the action of the board, as shown by the record of July 12, 1899, whereby the said board assumed authority to enter upon the assessment roll of said county, as the property of the petitioner, at the valuation of $12,000, certain property, to wit, cars and car track in mine, was taken in excess of the jurisdiction of the said board, and the same is hereby annulled, and declared to be without legal effect; and that in all other respects the proceedings had by said board be, and the same are

hereby, affirmed." From this judgment and the order deny-
ing a new trial the petitioner appeals.

It is assigned as error by the appellant that "the court erred
in giving judgment affirming the proceedings had by the
board of equalization in July and August, 1899, by which the
board undertook to add to the valuation of petitioner's prop-
erty on the assessment roll of that year, and in not giving
judgment annulling said proceedings, for the reason that it
appeared by the return of the board to the writ of *certiorari*,
and was an uncontroverted fact in the record before the court,
that the only action taken by the board in the matter was had
and taken on July 12th, without any previous notice to peti-
tioner, and on August 1st, without any appearance before
them by the petitioner; and hence the whole proceeding was
irregular and void, and beyond the jurisdiction of the board."
It is necessary to determine whether the record of the proceed-
ings of the board of equalization, as embodied in their return,
shows the necessary jurisdictional facts to sustain their au-
thority for the action taken by them. It is an admitted propo-
sition that in tribunals of special and limited jurisdiction the
particular facts and circumstances upon which their jurisdic-
tion is based must appear upon the face of the proceedings.
No presumptions are indulged in favor of the jurisdiction of
an inferior tribunal, and it will be assumed that jurisdiction
was wanting where the record does not show affirmatively that
it had been acquired. *Starr* v. *Village of Rochester*, 6 Wend.
564; *Kinderhook* v. *Claw*, 15 Johns. 537; *Commonwealth* v.
*Chase*, 2 Mass. 170. The board of equalization, when acting
upon the assessment roll, is a body possessed of but limited
and special powers. When, therefore, its power and author-
ity to do a particular thing are questioned, the record must
exhibit affirmatively all the facts necessary to give it the
authority to do the act complained of. When this is not done,
the presumption is against its jurisdiction. *State* v. *Ormsby
County*, 6 Nev. 95; *State* v. *Board of Commissioners of
Washoe County*, 5 Nev. 317. By the provisions of the Revised
Statutes of this territory for the assessment of taxes, after
the assessor has completed the assessment-roll the board of
equalization may change and correct any valuation of prop-
erty either by adding thereto or deducting therefrom, whether
such valuation was fixed by the owner or the assessor. They

act, however, under the special authority of the statute, and whatever they may do by way of making additions to the valuation of property as fixed in the assessment-roll by either the owner or the assessor must be done strictly in accordance with the authority given them. Their acts in this matter, when within the scope of their authority, and in strict compliance with the necessary conditions precedent as described in the statute, such as the giving of the required notice and the like, are final and binding, and are not subject to review by any other tribunal for the correction of mere informalities, or subject to reversal by any higher court by reason of any errors in judgment or procedure which do not involve the question of transcending their authority. If, however, they proceed without the warrant of law, disregarding those matters prescribed as conditions precedent, their proceedings will be reviewed by the higher court, and, when found to be in excess of authority, or without jurisdiction, will be annulled. *Commissioners of Allegheny County* v. *New York Min. Co.,* 76 Md. 549, 25 Atl. 864. Paragraph 2654 of the Revised Statutes clearly defines and limits the power and authority of the board in the following language: ''The board of equalization shall meet on the first day of July, . . . and shall continue in session from time to time until the business of equalization presented to them is disposed of; provided, however, that they shall not sit after the twentieth day of July, except as in this section provided. The board of equalization shall have power to determine whether the assessed value of any property is too small or too great and may change and correct any valuation either by adding thereto or deducting therefrom, if the sum fixed in the assessment-roll be too small or too great, whether said sum was fixed by the owner or the assessor, and if the board of equalization shall find it necessary to add to the assessed valuation of any property on the assessment-roll they shall direct their clerk to give notice to the persons interested by a letter deposited in the post-office or express or otherwise, naming the day when they shall act in that case, and allowing a reasonable time to appear, and the said board of equalization on the hearing are hereby empowered to issue compulsory process and require the attendance of any person or persons whom they may suspect to have a knowledge of the value or amount of such taxable property, and examine such person or

persons under oath in relation thereto. As soon as possible
after the adjournment of the board of equalization in July
its clerk shall make out a list of all persons the valuation of
whose property has been added to, with the amount so added,
on the assessment-roll, who have not appeared before the
board, and the board of supervisors shall cause the same to be
published in one newspaper in the county, . . . and any per-
son to the assessed value of whose property there was an
amount added not appearing before the board in July may
appear before the board in August, and upon making affidavit
that he had no knowledge of such increased valuation of his
property he shall have a hearing before the board of equaliza-
tion; and the determination then had shall be final.'' An
examination of this statute shows that the original jurisdiction
of the board to add to the valuation of property must be
exercised at their July sitting, and that action on a day named,
after a reasonable notice thereof to the persons interested, is
essential as a condition precedent to confer that jurisdiction.
Their jurisdiction in August is purely appellate, and is de-
pendent upon the appearance before them of the person to
the assessed value of whose property there was an amount
added in July, and the affidavit of such person that he had
no knowledge of such increased valuation.

From the return it appears that the original action of the
board in adding to the assessed valuation of the property in
question was taken on the twelfth day of July; that on that
day the superintendent of the company was notified to be
present on the nineteenth day of July, which date was named
as the day when the board would act in that case; that the
superintendent thus notified was not present on that day, or
any day thereafter; and the record in the case, as returned
by the board, does not furnish any evidence of any action of
the board in reference to the property after the twelfth day
of July until the first day of August. The minutes of the
board, as embodied in their return, are conflicting, the differ-
ent recitals of the transactions of the board on certain dates
being inconsistent with each other. The minutes of the board
of the twelfth day of July, as embodied in their return, show
that the valuation was added to on the twelfth day of July,
1899, and that notice of such action was that day mailed to the
superintendent of the company. The notice published on the

twenty-second day of July likewise states that the valuation was raised at the July sitting. The minutes of the first day of August ignore any action of the board other than the proposal to raise the valuation before that date, and recite that: "The notice having been given on the twelfth day of July that the board would act on said case on July 19, 1899, and no appearance having been made by said company on that day, or any day since," that on the first day of August "it is therefore ordered that the raised valuation of the property of the company as proposed on the twelfth day of July be, and the same is hereby, finally fixed as proposed to be raised." While it is impossible to determine from the conflicting statements contained in the return whether the valuation of the property was increased on July 12th or on August 1st, it is clearly established that it was on one or the other of those two dates. No record is furnished of any action in the premises by the board on any other date. An examination of the record as furnished in the return fails to show the jurisdictional facts that would render legal or binding the action of the board in raising the assessment either on the twelfth day of July or the first day of August. In order to give the board jurisdiction to increase the valuation of the property, it was necessary that the act should be performed by the board on a day named, after reasonable notice to the owner. Any action had on the twelfth day of July, other than to name the day when the board would act in that case and give the notice, was without jurisdiction. If the raise was, therefore, definitely made on that date, the district court should have annulled the action of the board, and set it aside. In order to give the board jurisdiction to raise the valuation of the property on August 1st, it would have been necessary for the board to have taken definite action in July on a day named, after reasonable notice to the owner, and it would have then been necessary for the owner or its agent to appear before the board on the first day of August, and make affidavit that he (or it) had no knowledge of the action of the board in July raising the valuation. Unless based upon these conditions precedent, any action of the board on the first day of August raising the valuation was without jurisdiction, and the district court should have annulled such action and set it aside for that reason. There is, moreover, a further objection

to the validity of any action of the board in raising the assessment on the first day of August. The writ of *certiorari* takes effect as a *supersedeas* upon its being delivered to the officer (or board) to whom it is directed, rendering all subsequent proceedings before him (or it) *coram non judice* and void. *Case* v. *Shepherd*, 2 Johns. Cas. 27; *Patchin* v. *Mayor*, 13 Wend. 664. The writ in this instance was served upon the members of the board on the twenty-eighth day of July, 1899, and commanded them to desist from further proceedings in the matter to be reviewed in relation to the increased assessment made on the twelfth day of July, 1899, referring to the list, and, until the hearing and determination of said matters and proceedings, all further action and proceedings by the board in relation thereto were in specific terms declared to be stayed. This rendered void and without any legal effect any attempted action of the board in the premises after the twenty-eighth day of July, 1899. If the board had raised the assessment on the nineteenth day of July, the date named in the notice served on the company's agent, or any day thereafter to which an adjournment was had, prior to the twentieth day of July, a different question would be presented. There is, however, no evidence in the return, and no claim made by the board, that the valuation of the property was raised on a day named in July, after reasonable notice to the owner. The action of the board increasing the valuation of the property was, therefore, without jurisdiction, and the judgment of the district court affirming the proceedings therein is reversed, and it is hereby ordered, adjudged, and decreed that the proceedings of the board of equalization of Cochise County, territory of Arizona, as shown by the records of the twelfth day of July, 1899, and the first day of August, 1899, in the matter of adding to the valuation of the property of the Copper Queen Consolidated Mining Company, were without jurisdiction, and the same are hereby annulled and set aside.

Street, C. J., and Sloan, J., concur.