## William S. Cox

*v.*

## Charles A. Hawkins, County Clerk.

*Opinion filed October 25, 1902.*

Taxes—*board of review has no power to increase assessment without notice.* If the assessor accepts an owner's schedule as correct, the board of review has no power to increase the assessment without notice to the owner, and in case such increase is attempted, equity will enjoin the county clerk from extending such increase.

Appeal from the Circuit Court of Douglas county; the Hon. W. G. Cochran, Judge, presiding.

Eckhart & Moore, for appellant.

H. J. Hamlin, Attorney General, and John H. Chadwick, State's Attorney, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is a bill in chancery filed by appellant against appellee, the county clerk of Douglas county, in the circuit court of said county, to enjoin the extension of the taxes upon an increased assessment made against the appellant by the board of review of said county. A demurrer was interposed to the bill and sustained, and a decree entered dismissing the same for want of equity, and an appeal has been prosecuted to this court.

The bill alleges that the assessor of the township in which the complainant resided called upon him for the purpose of assessing his property; that the complainant made out, subscribed and swore to a schedule of all his

personal property subject to assessment and taxation
and delivered the same to said assessor; that the as-
sessor determined and fixed the fair cash value of said
personal property and assessed the same as provided by
law; that the board of review of said county, at a meeting
held on the fifth day of September, 1901, fraudulently,
arbitrarily and without any authority of law, and with-
out notice to the complainant, raised said assessment
in the sum of $7900; that the complainant was not the
owner of said $7900, or any part thereof, on the first day
of April, 1901; that complainant is willing the county
clerk should extend the taxes upon the original assess-
ment as made by said assessor; that said county clerk
is about to extend and enter upon the tax books of said
county, against the complainant, the taxes for the year
1901 upon the basis of said increased assessment, and
prays that he be enjoined from so doing.

The demurrer admitted all the allegations of the bill,
which were well pleaded, one of which was, that said
increased assessment was made without notice to the
complainant.   Section 34 of the Revenue act, approved
February 25, 1898, (Hurd's Stat. 1899, p. 1452,) provides
that the board of review shall meet on or before the sec-
ond Monday in July in each year; that at such meeting,
upon its own motion or upon the application of any tax-
payer, it may revise the entire assessment, or any part
thereof, of any tax-payer, and correct the same as shall
appear to them to be just; but in no case "shall the as-
sessment of the property of any person be increased un-
less such person or his agent, if either be resident or has
a place of business in the county, shall first have been
notified in writing and been given an opportunity to be
heard."   In *Tolman* v. *Salomon*, 191 Ill. 202, on page 204 it
is said: "It has constantly been held that where a prop-
erty owner so makes out and delivers to the assessor a
list of his taxable property with the valuation thereof,
and the schedule and valuation are accepted by the as-

sessor as correct, they cannot afterward be altered or changed without first giving notice to the party assessed. (*Cleghorn* v. *Postelwaite*, 43 Ill. 428; *McConkey* v. *Smith*, 73 id. 313; *First Nat. Bank of Shawneetown* v. *Cook*, 77 id. 622; *Camp* v. *Simpson*, 118 id. 224; *Huling* v. *Ehrich*, 183 id. 315; *Ayers* v. *Widmayer*, 188 id. 121.) There can be nothing in the nature of a re-assessment without notice to the party affected." Before the board of review has the right to increase the assessment of a property owner he must have notice and be given an opportunity to be heard, otherwise such increased assessment is made without authority of law and is absolutely void, and the assessment will stand as originally made by the township assessor.

It is, however, said, "a court of equity will never restrain the extension of a tax unless it is wholly unauthorized and void in all its parts." (*Ottawa Glass Co.* v. *McCaleb*, 81 Ill. 556.) That is true; but here the increased assessment, for want of notice to appellant, was "wholly unauthorized and void in all its parts." We see no difficulty in separating · the increased assessment from the original assessment and extending the taxes upon the original assessment. This case would therefore seem to fall squarely within the rule as announced by this court in that case.

It is further urged that the complainant has not paid the taxes upon the original assessment. The amount of the taxes upon the original assessment was not known at the time the suit was begun, and as the bill shows the amount of the increased assessment and only asks to have the extension of the taxes upon that amount restrained, we think the objection is without force. *Clement* v. *Everest*, 29 Mich. 19.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded.*