[Civil No. 1046.   Filed March 27, 1908.]

[94 Pac. 1121.]

A. H. HAMMER, Petitioner and Appellant, v. B. H. SMITH, and Others, Composing the Board of Supervisors of Yavapai County, Defendants and Appellees.

1. CERTIORARI—PUBLIC OFFICERS—JUDICIAL AND EXECUTIVE FUNCTIONS —REV. STATS. ARIZ. 1901, PARS. 432 AND 979, CONSTRUED.—Under paragraph 432, *supra,* providing for the issuance of writ of *certiorari* where any inferior tribunal or board exercising judicial functions has exceeded its jurisdiction, and paragraph 979, providing that the contract for public printing shall be made with the best responsible bidder, the functions exercised by a board of supervisors in letting a contract for printing is not a judicial one, and *certiorari* will not lie to review the action of the board.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Richard E. Sloan, Judge.   Affirmed.

The facts are stated in the opinion.

Ross & O'Sullivan, for Appellant.

A board of supervisors, in letting contracts for the county printing, under the statute of Arizona (par. 979) providing that: "The contract shall be made with the best responsible bidder," has a judicial discretion lodged in it by statute as to who may be the "best responsible bidder," and in passing on bids for county printing, under said statute, the board of supervisors necessarily exercises judicial functions, and if it exceed its jurisdiction therein, *certiorari* is a proper remedy to correct the board.   See Rev. Stats. 1901, sec. 432. The Arizona *certiorari* act was taken from California, and the California supreme court has uniformly held, since the overruling of the case of *People* v. *Hester,* 6 Cal. 679, under the statute then in force, that boards of supervisors, when they are given a discretion and the privilege of exercising their judgment under the statute in any matter coming before them, *ipso facto* perform and exercise judicial functions, in contradistinction to ministerial functions, and if they exceed their jurisdiction in such matters, *certiorari* is the proper remedy.   The California courts hold that in let-

ting contracts, granting or refusing licenses, passing on accounts, and in fact in performing any function where a discretion is allowed under the statute, boards of supervisors are thereby necessarily exercising judicial functions, and *certiorari* will lie. See the following California cases as decisive on this point: *People* v. *Supervisors etc.*, 8 Cal. 58 (overruling *People* v. *Hester, supra*); *Robinson* v. *Board of Supervisors*, 16 Cal. 208; *Murray* v. *Board of Supervisors*, 23 Cal. 493; *Waugh* v. *Chauncey*, 13 Cal. 11; *Fall* v. *Paine*, 23 Cal. 303; *Maxwell* v. *Board of Supervisors*, 53 Cal. 389 (a county printing case and essentially on all-fours with the case at bar); *People* v. *Marin Co.*, 10 Cal. 345; *People ex rel. Whitney* v. *Board of Delegates*, 14 Cal. 494; *Miller* v. *Sacramento Co.*, 25 Cal. 97; *Damrell* v. *Board etc. San Joaquin Co.*, 40 Cal. 154; *Tilden* v. *Board etc. Sacramento Co.*, 41 Cal. 69; *Spring Valley Waterworks* v. *Bryant*, 52 Cal. 132.

Under the Arizona statute (par. 979) "The contract [county printing] shall be made with the best responsible bidder." Under the Arizona statute, boards of supervisors have a wide discretion in the letting of contracts for the public printing, and may exercise discretion and judgment, hence act judicially in determining who is the "best responsible bidder." In the letting of printing contracts under the Arizona statute, the board necessarily acts judicially and not ministerially. In *East River Gas Light Co.* v. *Donnelly*, 93 N. Y. 557, it was expressly held that where the common council of a city had a right to determine which of several bids it would accept, it acted judicially and not ministerially. "A determination against the responsibility of a bidder is a judicial matter." *Jacobson* v. *Board of Education* (N. J.), 64 Atl. 609. See, also, *Stumpf* v. *Board of Supervisors*, 131 Cal. 364, 82 Am. St. Rep. 350, 63 Pac. 663; Beach on Municipal Corporations, sec. 1571; *Sadler* v. *Board etc. Eureka County*, 15 Nev. 39, in which the supreme court of Nevada decided, under a statute providing for the letting of contracts to the "lowest reasonable bidder," upon due notice given, that the board of supervisors acted judicially, and that *certiorari* was the proper remedy, if the board exceeded its jurisdiction.

To the effect that the board exercised judicial functions, see also, *People* v. *Greene*, 89 App. Div. 296, 85 N. Y. Supp. 866; *Gill* v. *Brunswick*, 118 Ga. 85, 44 S. E. 830; *People* v. *Wells*, 86 App. Div. 270, 83 N. Y. Supp. 789; *Cooper* v. *Hunt*, 103 Mo. App. 9, 77 S. W. 483; *People* v. *Barker*, 84 App. Div.

469, 83 N. Y. Supp. 33; *Brown* v. *Street Lighting Dist.,* 69 N. J. L. 485, 55 Atl. 1080; *Gay* v. *Bradstreet,* 49 Me. 580, 77 Am. Dec. 272; *People ex rel.* v. *Martin,* 142 N. Y. 352, 37 N. E. 117, holding that "selecting newspapers of 'largest circulation' in which to publish a list of nominations is judicial."

E. S. Clark, Attorney General, and Robert E. Morrison, District Attorney, for Appellees.

No judicial functions were performed by the board of supervisors in regard to the letting of this contract for county printing. *Board of Commissioners* v. *Gillies,* 138 Ind. 667, 38 N. E. 40; *Platter* v. *County of Elkhart,* 103 Ind. 360, 2 N. E. 544-551; *State ex rel. Walton* v. *Hermann,* 63 Ohio St. 440, 59 N. E. 104 (lowest responsible bidder). Discretion is not necessarily judicial, but may be of a ministerial character. *Board of Commissioners* v. *Lewis,* 28 Colo. 378, 65 Pac. 51; *Townsend* v. *Copeland,* 56 Cal. 612. The discretion allowed the board under our statute in letting to the "best responsible bidder" is of such ministerial character. See, also, on points herein contended, *Tanner* v. *Nelson,* 25 Utah, 226, 70 Pac. 984; *People* v. *Board of Education,* 54 Cal. 375; *Central P. R. R. Co.* v. *Board of Equalization of Placer Co.,* 43 Cal. 365; *Andrews* v. *Pratt,* 44 Cal. 309-318; *Quinchard* v. *Board of Trustees,* 113 Cal. 664-667, 45 Pac. 856; *People* v. *Board of Supervisors,* 122 Cal. 421-424, 55 Pac. 131; *Adleman* v. *Pierce,* 6 Idaho, 294, 55 Pac. 658. "The fact that a public agent exercises judgment and discretion in the performance of his duties does not make his action or powers judicial in their character." *People ex rel. Second Ave. R. Co.* v. *Board of Commrs.,* 97 N. Y. 38-43; *People* v. *Walter,* 68 N. Y. 403-410.

NAVE, J.—A. H. Hammer applied to the district court for a writ of *certiorari* to review the action of the board of supervisors of Yavapai county in letting a contract for public printing for the year 1907, alleging that the contract had been let without giving the notice required by statute. The board of supervisors appeared in the action and demurred to the sufficiency of the application. The district court sustained the demurrer, and dismissed the proceeding. From the judgment of dismissal, the petitioner has appealed.

One question alone need be considered in determining this appeal. Our statutes require that "the contract [for public printing] shall be made with the best responsible bidder."

Rev. Stats. 1901, par. 979. Our statute governing the issuance of the writ of *certiorari* has the customary provision that it "shall be granted in all cases where an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer and there is no appeal nor, in the judgment of the court any plain, speedy and adequate remedy." Rev. Stats. 1901, par. 432. The question is whether the board of supervisors was exercising a judicial function in letting the contract in question. Appellant maintains by reason of the fact that the board must determine who of the respective bidders is the "best responsible bidder," that it must exercise discretion and use judgment, and therefore that its action is judicial within the meaning of the statute. The necessity for distinguishing among judicial, legislative, and executive functions has arisen in innumerable cases before nearly all of the courts of last resort. There is confusion in the conclusions reached. To review all or a considerable number of these cases would be burdensome, and would not serve a useful purpose. A great number of cases in which the exercise of judicial functions is distinguished from the exercise of the other functions is collected in 17 Am. & Eng. Ency. of Law, 2d ed., 886 et seq., and 23 Cyc. 1613 et seq. The criterion for which appellant here contends has been recognized in some of these decisions, to wit, that, if the action of the tribunal calls for the exercise of judgment and discretion, it is judicial. It is our view that this is not a sound criterion. It is true that, where there is exercise of neither judgment nor discretion, there is not the exercise of a judicial function; but it is not true that every function wherein judgment and discretion are exercised is a judicial function. *People* v. *Board,* 97 N. Y. 38; *Quinchard* v. *Board,* 113 Cal. 664, 45 Pac. 856. Every legislative act requires the exercise of both judgment and discretion; so, also, do many executive acts. That a function may be held to be judicial, it must be exercised in determining the merits of an issue. That there may be an issue either of law or of fact, there must be involved the interests, contending to some degree at least, of two or more parties. There is such an issue between the public on the one hand and the official on the other hand, when a tribunal is called upon to determine whether a fireman or a policeman shall be removed for dereliction. *People* v. *Police Commissioners,* 155 N. Y. 40, 49 N. E. 257; *Gilbert* v. *Commissioners,* 11 Utah, 378, 40 Pac. 264.

The public has an interest in such a case comparable to that which it has in a criminal case, and is, in an analogous quality, a party to the proceeding.   There is a similar issue when the board of supervisors inquires into the sufficiency of an officer's bond and requires of him a new bond under penalty of the vacating of his office.   *People* v. *Marin Co.,* 10 Cal. 344.   So, also, the public and the taxpayer have contending interests in the determination of valuations by the county or territorial board of equalization.   *Copper Queen C. M. Co.* v. *Board,* 7 Ariz. 364, 65 Pac. 149; *Copper Queen C. M. Co.* v. *Territorial Board,* 9 Ariz. 383, 84 Pac. 511.   In the case before us there is no issue, although there is demanded the exercise of both judgment and discretion in determining who is the best responsible bidder.   There is no issue because there is but one party in interest—the public.   As against one another the bidders present an issue, but this issue is merely incidental. Its adjudication is not the ultimate.   No bidder has a right to the contract.   None has a right or privilege of any sort to be conserved by the board.   To be a party to a judicial determination one must present as against his adversary a right or privilege to be maintained or denied.   The discretion and judgment exercised in this matter are those of an agent seeking the best interest of his principal in letting a contract. They are executive discretion and judgment, not judicial. Illustrative cases are *Tanner* v. *Nelson,* 25 Utah, 226, 70 Pac. 984; *People* v. *Board,* 54 Cal. 375 (*contra, Jacobson* v. *Board* (N. J. Sup.), 64 Atl. 609) ; *Adleman* v. *Pierce,* 6 Idaho, 294, 55 Pac. 658.

The function exercised by the board of supervisors in this instance not being judicial, the action of the trial court in sustaining the demurrer and dismissing the proceeding was sound, and must therefore be affirmed.

KENT, C. J., and DOAN and CAMPBELL, JJ., concur.