(No. 12431.—Judgment affirmed.)

THE PEOPLE ex rel. Henry Stuckart, County Collector, Appellant, vs. EDWIN A. CASEY et al. Appellees.

*Opinion filed December 18, 1918.*

TAXES—*the board of review cannot increase valuation without notice to owners.* The valuation fixed by the board of assessors for the quadrennial period cannot be increased by the board of review without notice to the owners, where there have been no improvements on the land.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

MACLAY HOYNE, State's Attorney, (CHARLES CENTER CASE, JR., of counsel,) for appellant.

SAMUEL M. BOOTH, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county sustaining appellees' objections to a part of the taxes assessed against their property and denying the application of the county collecter for judgment.

There were five pieces of property involved. The substance of the objections is that the properties were assessed in 1915 for the quadrennial period by the assessors at certain valuations specified, and afterwards the board of review, without notice to the owners and persons interested, increased the assessed values from fifty to three hundred per cent, setting out the values as increased by the board of review. No improvements had been made on the land after its assessed value was fixed by the assessors. The objectors had paid the taxes on the valuation fixed by the assessors and the objections were to judgment for the proportion of the tax extended against the increased valuation. The owners or their representatives had knowledge of the

valuation fixed by the board of assessors. Subsequently they learned of the increased valuation fixed by the board of review but were informed by that board that it was too late to make any changes. When the taxes were extended in 1916 objectors paid the tax on the valuation fixed by the board of assessors and objected to judgment for the balance. A hearing was had on the objections at the July term, 1916, of the county court and judgment refused for the tax on the amount the valuation had been increased by the board of review, and this was alleged, in the objection here made, to be *res judicata.* It is asserted, and not denied, that the same question came up in the county court in 1917, where application was made for judgment and judgment was refused. A copy of a letter written to the board of review by its attorney October 2, 1917, was introduced in evidence, which informed the board it could not correct the valuation of the property during the quadrennial period and that the owners would be forced to their remedy of objecting to judgment during that period.

The valuation of the property as fixed by the board of assessors was materially increased by the board of review without notice to the owners or agents. Such action by the board of review was without authority of law and the tax extended against the amount the value was increased was illegal. *Huling* v. *Ehrich,* 183 Ill. 315; *Carney* v. *People,* 210 id. 434; *People* v. *Centralia Gas and Electric Co.* 238 id. 113; *People* v. *St. Louis Bridge Co.* 268 id. 477.

Appellant relies upon the presumption that public officers have done their duty and have not acted illegally; also the rule that the burden is on one challenging the validity of a tax to show that it is illegal. The proof in this record overcomes the presumption that the officers acted legally and clearly shows the tax objected to was illegal.

The county court did not err in sustaining appellees' objections and refusing judgment. The judgment is affirmed.

*Judgment affirmed.*