### CITY OF EL PASO et al. v. HOWZE.*
(No. 1411.)

(Court of Civil Appeals of Texas. El Paso. Feb. 8, 1923. Rehearing Denied Feb. 21, 1923.)

1. Municipal corporations ⊜⇒972(3) — Valuation for taxation is quasi judicial act requiring exercise of judgment and discretion.

The valuation of property for taxation is a quasi judicial act requiring the exercise of judgment and discretion by the assessor.

2. Municipal corporations ⊜⇒974(2)—Increase in valuation without notice is invalid.

An increase in the valuation placed on property rendered for taxation without the notice prescribed by law is invalid.

3. Municipal corporations ⊜⇒974(2)—Increase in valuations for taxation without notice and hearing by city council as board of equalization held invalid.

Where valuations placed on property rendered for taxation to the assessor and collector of taxes as required by El Paso Charter, § 137, and a city ordinance, were approved and accepted by him, a subsequent increase by him, under an order of the city council, acting in its legislative capacity instead of as a board of equalization, as required by sections 147–149, 151, 152, 156, without notice and hearing as therein provided, was invalid, though the increased valuation was less than the full cash market value fixed as the basis of valuation by Rev. St. arts. 7530, 7569, and the original inventory and assessment sheet prepared by the city disclosed on its face that the original basis of valuation was only 60 per cent. of that fixed by law.

4. Municipal corporations ⊜⇒972(2)—Assessment at less than actual market value is valid when uniformly applied to all taxable property.

An assessment by a city on the basis of 60 per cent. of the actual or market value of the property is valid, when uniformly applied to all other taxable property, and must stand until corrected by the proper reviewing authority in the manner prescribed by law.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Mandamus by W. Y. Howze to compel the City of El Paso and its Assessor and Collector of Taxes to accept a tender of and issue a receipt for taxes. From a mandatory order so directing, defendants appeal. Affirmed.

Victor C. Moore, City Atty., and Royall G. Smith, Asst. City Atty., both of El Paso, for appellants.

S. J. Isaacks, of El Paso, for appellee.

### Statement of Case.

HIGGINS, J. This is an appeal by the city of El Paso and its assessor and collector of taxes, W. P. B. McSain, from a mandatory order directing the city and its collector to accept a tender of certain taxes made by appellee, and issue receipt therefor.

The facts out of which the litigation arose are as follows: The appellee, Howze, owned property in the city of El Paso, and on June 27, 1921, rendered the same to the assessor for taxation. The rendition reads as follows:

### Inventory of Property,

Owned by W. Y. Howze, address, 1331 Wyoming, and rendered for assessment of taxes, for the year 1921, by self to Wm. P. B. McSain, assessor and collector of the city of El Paso, state of Texas.

Basis of assessment: 60% of actual or market value.

Real Estatement and Improvements.

| Lots or Description. | Block. | Addition. | Value of Real Estate. | Value of Improvements. | Total Value at 60%. |
|---|---|---|---|---|---|
| E. 20′ of 30 All 31-32 | 25 | Frank | 1500 | 3000 | 4500 |

Personal Property.

| Carriages, buggies, wagons, automobiles, bicycles, motorcycles, or other vehicles of whatsoever kind. | |
|---|---|
| Auto License No. Make REO Year or Model 1913 | 200 |
| Grand total .............................. | 4700 |

This rendition was duly verified by the oath of Howze. McSain testified that when Howze made the rendition he (McSain) assessed the real estate at $4,500 and the automobile at $200; that for a long time it had been the custom of the city to assess property upon the basis of 60 per cent. of its actual market value, and the valuation placed by him upon the plaintiff's property was made upon that basis; that it was his purpose and intention to carry the valuations so placed upon the property of Howze into the permanent tax roll and to compute the tax against Howze upon those valuations and would have done so but for an order of the city council made on August 14, 1921, "that the 1921 tax valuation be raised from 60 per cent. to 70 per cent. on the $100 valuation." This order was made about two months before the session of the council sitting as a board of equalization. Acting upon this order, the assessor, without notice to

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused March 28, 1923.

Howze, changed the valuation of plaintiff's real estate to $5,250 and of the automobile to $230, and changed the grand total to $5,480. The same proportionate change was made by him in the other 15,000 property renditions in the city of El Paso for that year.

The permanent tax roll for the year 1921 was made up in accordance with the altered valuations. In due time Howze tendered the proper amount of tax computed on the basis of the original valuation, which being declined, he brought this suit to compel its acceptance and issuance of receipt. There is no pretense made that the change in valuation was made by the city council sitting as a board of equalization and in the manner prescribed in such cases.

### Opinion.

Section 137 of the Charter of the City of El Paso provides that it shall be the duty of every person owning or holding property in the city to render under oath to the assessor and collector of taxes, or such other officer as may be designated by ordinance, a full and complete inventory of such property, all of which, except exemptions, is declared to be subject to taxation and shall be rendered and listed in the manner prescribed by the general laws of the state in regard to general taxation, unless otherwise specially provided in the charter.

The city ordinance of May 16, 1907 (section 1035, Penal Code of the City), makes it the duty of every such person to render to said officer, on or before the last Saturday in August of each year, a full and complete inventory of such property, describing the same, and state the value of each item of property; such value to be determined according to the state laws relating to taxation.

Article 7530, R. S., provides that real and personal property shall be valued at its true and full value in money.

Article 7569, R. S., in substance provides that when the assessor is satisfied that property rendered to him by the owner is properly valued according to its reasonable cash market value at the time, he shall list it accordingly; but if satisfied that it is too low, he shall value it and report his valuation to the commissioners' court, which body shall decide the issue if contested by the owner.

Under the Charter of the City of El Paso the mayor and aldermen constitute a board of equalization, whose duty it is to convene annually at the time fixed by the council "to receive all the assessment lists, or books of the assessor for examination, correction, equalization, appraisement and approval." Section 147.

Section 148 provides:

"The board of equalization shall cause the assessor to bring before it, at the time fixed for the convening of said board, all the assessment lists or books of the assessor of the city for its examination that it may see that each and every person has rendered his property at a fair market value; and said board shall have power to send for persons and papers, to swear and qualify persons to testify, to ascertain the value of such property; and if they are satisfied it is too high they shall lower it to its proper value, and if too low they shall raise the value of such property to a proper figure. Such board shall also have power to correct any errors that may appear on the assessor's lists or books."

Section 149 provides that the board of equalization shall equalize values and grants the right of hearing to persons complaining of the assessments made of their property.

Sections 151, 152, 156, prescribe the procedure of the board and provide for notice to the owner when the board undertakes to increase the valuation of any property appearing on the assessor's lists or books.

In his work on Taxation, Judge Cooley says:

"It is a fundamental rule that a judicial or quasi judicial proceedings affecting the rights of the citizen he shall have notice and be given an opportunity to be heard before any judgment, decree, order or demand shall be given and established against him. Tax proceedings are not in the strict sense judicial, but they are quasi judicial, and as they have the effect of a judgment, the reasons which require notice of judicial proceedings are always present when the conclusive steps are to be taken. Provision for notice is therefore part of the 'due process of law' which it has been customary to provide for these summary proceedings." Cooley on Taxation (2d Ed.) 363.

[1] The valuation of property for the purpose of taxation is a quasi judicial act requiring the exercise of judgment and discretion by the assessor. 26 R. C. L. 342.

[2] An increase in the valuation placed upon property rendered for taxation without the notice prescribed by law is invalid. Cox v. Hawkins, 199 Ill. 68, 64 N. E. 1093; People v. Feitner, 191 N. Y. 88, 83 N. E. 593; People v. Casey, 286 Ill. 89, 121 N. E. 256; People v. Vail, 296 Ill. 61, 129 N. E. 494; People v. Abraham, 295 Ill. 582, 129 N. E. 511; Dykes v. Lockwood Mortgage Co., 2 Kan. App. 217, 43 Pac. 268; Dykes v. Lockwood Mortgage Co., 57 Kan. 416, 46 Pac. 711; Copper Queen Mining Co. v. Board of Equalization, 7 Ariz. 364, 65 Pac. 149; Montana Ore Purchasing Co. v. Maher, 32 Mont. 480, 81 Pac. 13; Mt. Sterling Oil Co. v. Ratliff, 127 Ky. 1, 104 S. W. 993; Ward v. Wentz, 130 Ky. 705, 113 S. W. 892; Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289; Londoner v. Denver, 210 U. S. 373, 28 Sup. Ct. 708, 52 L. Ed. 1103; City of Norfolk v. Young, 97 Va. 728, 34 S. E. 886, 47 L. R. A. 574; Delta Land & Timber Co. v. Stewart, 145 La. 144, 81 South. 880.

[3] The assessor and collector of the city of El Paso is the officer upon whom is im-

posed the duty of making the initial valuation of property rendered for taxation. The law has established the basis of the valuation to be "its true and full value in money" (article 7530, R. S.), or as it is termed in article 7569, R. S., "its reasonable cash market value."

In the valuation of property the function of the city council is limited to that of a board of equalization. When exercising such function, it has the authority not only to equalize values but to see that all property has been assessed at its fair market value. But before such board can increase the value of property theretofore assessed it must give notice to the owner and afford him a hearing.

In this case Howze rendered his property to the assessor and that officer approved and accepted the valuations placed thereon. This valuation by the assessor was a quasi judicial act and was not subject to increase except by the board of equalization after notice and hearing. No notice was given, no hearing was afforded, and without the consent of the taxpayer the valuation was changed and increased by the assessor, acting under the order of the city council made in its legislative capacity, on August 14th. We are of the opinion that such increase was invalid.

Appellant does not question the correctness of the general principles of law announced above, but contends that inasmuch as the correct basis of valuation was the full cash market value of the property and the increased valuation is below that basis, the plaintiff cannot complain, especially in view of the fact that the original inventory and assessment upon its face disclosed that the basis of valuation was 60 per cent. of that fixed by law. But this is not tenable, for it in effect amounts to the contention that a valid assessment may be increased without notice, without observing the procedure prescribed by law and by an agency other than the proper reviewing authority, simply because the assessment valued the property below its true cash market value.

[4] The evidence shows that for a long time it had been the custom of the city to assess property upon the basis of 60 per cent. of its actual or market value and the value which the assessor placed upon the plaintiff's property in the original assessment was estimated upon that basis. But an assessment made by the assessor upon that basis when uniformly applied to all other taxable property is not invalid. Green v. L. & I. R. R. Co., 244 U. S. 499, 37 Sup. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Taylor v. L. & N. R. R. Co., 88 Fed. 305, 31 C. C. A. 537; Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 South. 503.

On the contrary, it is valid and must stand as made until corrected by the proper reviewing authority and in the manner prescribed by law.

No importance is attached to the notation upon the original assessment sheet reading: "Basis of assessment: 60 % of actual or market value." It was surplusage. The fundamental right of the taxpayer to notice of a proposed increase in his valid assessment and an opportunity to be heard cannot be taken away by a notation of this character upon a form prepared by the city and upon which he is required to inventory and value his property.

The order of the council of August 14th upon which the assessor acted in increasing the values is of no avail. It was made by the council in its legislative capacity and not in the exercise of its function as a board of equalization. Furthermore, it was made without notice and afforded the taxpayer no opportunity to be heard.

We have found no case directly in point upon the present state of facts; but the conclusion reached, in our opinion, is supported by Hoefling v. City of San Antonio, 15 Tex. Civ. App. 257, 38 S. W. 1127, and writ refused by the Supreme Court in written opinion reported in 90 Tex. 511, 39 S. W. 918.

Affirmed.