STATE v. C. C. SARGENT ET AL. LICENSE COMMISSIONERS.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 25, 1908.

*Intoxicating Liquors—Licenses—Local Option—When Properly Voted Upon—Annual Town Meeting—Special Town Meeting—P. S. 5104—Construction—License Commissioners—Illegally in Office.*

P. S. 3418 requires that "a meeting of the legal voters of a town shall be held annually, on the first Tuesday of March, for the election of officers and the transaction of other business," and were it not for the further provision of that section that "a failure to hold such meeting shall not prevent the election of town officers at a subsequent meeting legally warned and holden," a town that failed to hold its annual meeting would be powerless to elect officers until the next annual meeting; hence, because P. S. 5104, provides, without qualification, that the warning of each annual town meeting shall contain an article providing for a vote on the question whether license shall be granted for the sale of intoxicating liquor, such vote can legally be had only at the annual meeting.

The selectmen of a town failed to warn the annual town meeting at the proper time, and a special town meeting was warned and held on March 17, the warning therefor containing an article calling for a vote on the question of license, at which meeting the majority of the votes on that question were "yes." *Held* that a vote on that question at that meeting was unauthorized, and therefore that license commissioners, subsequently appointed in accordance with such vote, were not entitled to that office.

QUO WARRANTO, under P. S. Chap. 97, against the respondents as License Commissioners of the town of Corinth, brought to the Supreme Court for the County of Orange, May Term, 1908, and then heard on the pleadings and an agreed

statement. A majority of the votes, cast at the special town meeting on the question of license, were "yes." The opinion states the case.

*March M. Wilson,* State's Attorney, for the State.

"When a particular day of holding a local option election is fixed by the statute or by the authorities ordering it, it is void if held on any other day." 23 Cyc. 99; *Jenney* v. *Alden,* 79 Vt. 159; *In Re Sullivan,* 64 N. Y. Sup. 303; *Yates* v. *State,* 59 S. W. 275; *Boone* v. *State,* 10 Tex. Ct. of App. 418; *People* v. *Sackett,* 15 App. Div. Rep. N. Y. 290; *Snowball* v. *People,* 147 Ill. 261; *Stephen* v. *People,* 89 Ill. 337; *State ex rel.* v. *Ruark,* 34 Mo. App. 330; *Dickey* v. *Hurlbut,* 5 Cal. 343; *Curry* v. *State,* 13 S. W. 753.

*Darling & Wilson* for the respondent.

"The intention of the Legislature is the pole star in construing a statute, and, to effectuate such intention the language of the Legislature may be enlarged or restrained, if necessary, and the construction should be upon the whole statute." *Simonds* v. *Powers,* 28 Vt. 354; *Adams* v. *Sleeper,* 64 Vt. 544. When P. S. 5104 is construed in the light of No. 15, Acts 1904 and of No. 90, Acts 1902, it shows that the vote on the question of license may be had at a special town meeting, and not necessarily at the annual meeting. *Clark* v. *Powell,* 62 Vt. 442; *Whitcomb* v. *Davenport,* 63 Vt. 656.

It is a rule of construction that if the meaning of a statute is doubtful, the consequences are to be considered in its construction. *In re Sammon,* 79 Vt. 521; *State* v. *Bank,* 74 Vt. 246. It has been held that a special meeting of a private corporation has power to transact all business within the corporate powers unless restrained by express provision of its charter or by-laws. *Warner* v. *Mower et al.* 11 Vt. 395. And it has been held that towns at their annual meetings may transact business not mentioned in the warning if within the scope of their corporate interests. *Schraff* v. *Bloomfield,* 8 Vt. 472.

Quo warranto petitions are addressed to the judicial discretion of the court, and the court has power to step outside

of the realm of clear law and look to the equities of the case and the results that it may have on the public and whether a decision one way or the other will be for good or evil in the community. *Pomeroy* v. *Kelton,* 78 Vt. 230; *State* v. *Smith, et al.* 48 Vt. 266; *State* v. *Vershire,* 52 Vt. 45; *State* v. *McNaughton,* 56 Vt. 736; *State* v. *School Dist.* 56 Vt. 353. '

MUNSON, J. The statute provides that a meeting of the legal voters of a town shall be held annually on the first Tuesday of March for the election of officers and the transaction of other business, and that it may be adjourned to another time to complete the business. P. S. 3418. It is provided further that the words "annual meeting," when applied to towns, shall mean the annual town meeting in March or an adjournment thereof. P. S. 6. The statute also requires that a town meeting be warned by the selectmen, at least twelve days before the meeting, by a posted notice, setting forth the business to be done and the subjects to be considered at the meeting. P. S. 3419. It is also provided that the warning of each annual town meeting shall contain an article providing for a vote upon the question, "shall license be granted for the sale of intoxicating liquors in this town?" P. S. 5104. If the vote is for license, the assistant judges of the county court are to appoint, within sixteen days thereafter, a board of license commissioners for such town, whose term of office is to commence on the first day of April. P. S. 5109, 5110.

The selectmen of Corinth failed to warn the annual town meeting for 1908, and a special town meeting was duly warned and held on the seventeenth day of March. The warning for this meeting contained an article calling for a vote on the question of license, and on this article the town voted that license be granted. The defendants were afterwards appointed license commissioners in accordance with the terms of the statute, and qualified as such, and entered upon the duties of the office. The State brings this proceeding to test their right in that behalf.

It is clear that the statute, if given effect according to its terms, requires that the license vote be taken at the annual meeting. But the defendants insist that when properly construed, it requires merely that the vote be taken at the meeting

at which the regular annual business of the town is to be transacted. This claim is based largely upon the language of the enactment as it stood before revision. The original act provided that the warning of "every town meeting to be held on the first Tuesday of March, 1903, and annually thereafter," should contain the article in question. Acts 1902, No. 90, §2. It is argued that the words "annually thereafter" did not necessarily confine the meeting to the specific day, and would have permitted the interpretation contended for; and that it is not to be supposed that the change of phraseology incident to a revision was intended to limit the scope of the enactment. But if the question were to be disposed of on the language of the original act, our conclusion would be the same. That language pointed plainly to the meeting to be held on the first Tuesday of March in 1903, and on the first Tuesday of March in each year thereafter.

It is said that to all intents and purposes this special meeting was the annual meeting of the town. The fact that the town officers for the year were elected at this meeting does not justify the claim. The statute provides that the town officers shall be chosen at the annual meeting; P. S. 3426; but it is specially provided that a failure to hold such meeting shall not prevent the election of town officers at a subsequent meeting. P. S. 3418. It was said in *Jenney* v. *Alden,* 79 Vt. 156, 64 Atl. 609, that if it were not for this last provision, a town which failed to hold its annual meeting would be powerless to elect officers until the next annual meeting. There is no such provision regarding the vote on the question of license.

Our attention has been directed to several cases in which this Court has given a forced construction to some portion of a statute to effectuate a purpose that was apparent from the statute as a whole. The rule followed in those cases is of undoubted authority, but the case in hand affords no opportunity for an application of it. Here, the natural construction of the particular provision is in line with what we deem to be the manifest intent of the whole statute. We think the Legislature meant that this vote should be taken at the annual town meeting, and at no other time.

*Complaint sustained, writ awarded, and judgment that defendants are not entitled to said office, and that they be absolutely forejudged and excluded from exercising any of the functions thereof, and that they pay the costs of this proceeding.*