# Illinois Official Reports

## Appellate Court

---

### BLTREJV3 Chicago, LLC v. Kane County Board of Review,
### 2014 IL App (2d) 140164

---

| | |
|---|---|
| Appellate Court Caption | BLTREJV3 CHICAGO, LLC, and FIVE TEN ILLINOIS III, LLC, Petitioners-Appellants, v. THE KANE COUNTY BOARD OF REVIEW, Respondent-Appellee. |
| District & No. | Second District<br>Docket No. 2-14-0164 |
| Filed | September 3, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Tax appeals sent to respondent board of review by a third-party commercial carrier on the due date for filing an appeal on a property tax assessment were untimely because they were not sent by the United States mail and the "mailbox rule" did not apply, notwithstanding the fact that the supreme court rules were amended to allow the use of third-party commercial carriers as an acceptable method for the delivery of documents pursuant to the "mailbox rule," since the board's rules state that only documents sent by the United States mail will receive the benefit of the "mailbox rule," by establishing its rules, the board is complying with the Tax Code's requirements, and until the board amends its rules to apply the "mailbox rule" to third-party commercial carriers, appeals must be sent by the United States mail to benefit from the rule. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 13-MR-1006; the Hon. David R. Akemann, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal — Mindy S. Salyer, Amanda L. Moressi, and Brittney B. Rykovich, all of Salyer Law Offices, LLC, of Chicago, for appellants.

Joseph H. McMahon, State's Attorney, of St. Charles (Joseph F. Lulves and Erin M. Gaeke, Assistant State's Attorneys, of counsel), for appellee.

Panel — JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1   Petitioners, BLTREJV3 Chicago, LLC, and Five Ten Illinois III, LLC, appeal from the trial court's denial of their petition for declaratory judgment and interlocutory injunctive relief and its grant of the motion for judgment on the pleadings by respondent, the Kane County Board of Review (Board). For the reasons that follow, we affirm.

¶ 2                                 I. BACKGROUND

¶ 3   No material facts are in dispute. Petitioners own real properties in Kane County, Illinois. The Aurora Township property tax assessment list for the subject properties was published on September 4, 2013, and tax appeals to the Board were due on October 4, the thirtieth day after the date of publication. Petitioners sent to the Board, via FedEx (a third-party commercial carrier), tax appeals for 72 separate properties on October 4. These appeals were received by the Board on October 7. In a letter dated October 25, the Board notified petitioners that 71 of the appeals were being rejected as untimely.[1] Petitioners received this notification on October 28.

¶ 4   On November 15, petitioners filed their petition for declaratory judgment and injunctive relief, seeking a ruling that the tax appeals were timely filed and also requesting a preliminary injunction prohibiting the Board from closing its 2013 session until these issues were resolved. Alternatively, petitioners asked the trial court to grant leave to file tax objection cases in the trial court.

¶ 5   The petition stated that counsel for petitioners "mailed" to the Board, via FedEx, a tax appeal for property in St. Charles Township on September 12, 2013, the final day of filing per the Board's publication notice. This tax appeal was not rejected as untimely by the Board. On October 4, counsel for petitioners "mailed," via FedEx, the 72 Aurora Township tax appeals. On October 28, counsel for petitioners received from the Board's supervisor of assessments a letter advising that the Board had rejected as untimely 71 of the Aurora

_____

[1]Inexplicably, 1 of the 72 tax appeals sent on October 4 was not rejected.

Township tax appeals. On October 29, counsel for petitioners hand-delivered to the Board and the Kane County State's Attorney a written request to reverse the Board's decision. On November 8, petitioners were informed that the Board "declined to revisit its October 25, 2013, decision."

¶ 6　　In their petition, petitioners argued that the powers, duties, role, and function of the Board were "quasi-judicial" and that the Illinois Supreme Court Rules apply to the Board. They argued that, because Illinois Supreme Court Rules 11 and 12 (eff. Jan. 1, 2013) were amended to allow for third-party commercial carriers as acceptable methods for delivery of documents, petitioners' tax appeals were timely filed. Finally, petitioners argued that the Board's "inconsistent application of its rules was unreasonable and arbitrary."

¶ 7　　On December 26, 2013, the Board filed a motion for judgment on the pleadings, pursuant to section 2-615(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2012)). On February 7, 2014, after hearing arguments, the trial court granted the Board's motion for judgment on the pleadings and denied petitioners' petition for declaratory judgment and injunctive relief. The trial court, in its written order, stated: "This court does note that the Board of Review fails to account for or even acknowledge that Petitioners alleged that the Board accepted one assessment appeal but rejected 71 others that were submitted in a similar manner." The trial court then determined, however, that it could not find that the Board acted "unreasonably, arbitrarily, or otherwise discriminatorily based solely on these alleged facts."

¶ 8　　Petitioners timely appealed.

¶ 9　　　　　　　　　　　　　　II. ANALYSIS
¶ 10　　　　　　　　　　　　　　A. Mailbox Rule
¶ 11　　At issue in this case is whether tax appeals sent to the Board are timely when deposited with a third-party commercial carrier on the due date for filing an appeal of a property tax assessment. The basis for the Board's rejection of the 71 tax appeals was that they were untimely because they were sent via FedEx rather than United States mail and thus the mailbox rule did not apply.

¶ 12　　The resolution of this issue requires us to examine the interplay between various statutes, regulations, and supreme court rules. The interpretation of statutes, regulations, and supreme court rules is a question of law, which we review *de novo*. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002). Section 16-55 of the Illinois Property Tax Code (Tax Code) provides that "[a] complaint to affect the assessment for the current year shall be filed on or before 30 calendar days after the date of publication of the assessment list." 35 ILCS 200/16-55 (West 2012). The Statute on Statutes' "mailbox rule" provides that a document is deemed "filed" as of the date of mailing via United States mail. 5 ILCS 70/1.25 (West 2012). Section 9-5 of the Tax Code provides that each county assessor, board of appeals, and board of review "shall make and publish reasonable rules for the guidance of persons doing business with them and for the orderly dispatch of business." 35 ILCS 200/9-5 (West 2012). Pursuant to this provision, the Board adopted and published rules of procedure that incorporated the Statute on Statutes.

¶ 13　　The Board's rules state that only documents transmitted by United States mail will receive the benefit of the "mailbox rule"; further, the Board's rules state that the provision

that "[c]ommunications transmitted through the United States mail shall be deemed filed with or received by the Board on the date shown by the post office cancellation mark stamped" "does *not* apply to communications delivered by Federal Express, UPS, DHL, or any other commercial or non-commercial delivery entity" (emphasis added), and they reference *Baca v. Trejo*, 388 Ill. App. 3d 193, 198 (2009), where this court decided that only the use of the United States mail triggers the mailbox rule. Kane County Board of Review 2014 Rules and Procedures, R. A(5)(a), http://www.kanecountyassessments.org/rules.pdf (last visited Aug. 27, 2014).

¶ 14 Subsequent to *Baca*, Illinois Supreme Court Rule 11 (eff. Jan. 1, 2013), entitled "Manner of Serving Documents Other Than Process and Complaint on Parties Not in Default in the Trial and Reviewing Courts," and Illinois Supreme Court Rule 12 (eff. Jan. 1, 2013), entitled "Proof of Service in the Trial and Reviewing Courts; Effective Date of Service," were amended. Petitioners argue that these rules supersede the Board's rules on filing appeals. However, "the statutory language itself gives the best indication of legislative intent. Where a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions." *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 151-52 (1997). Further, the inference that all omissions should be understood as exclusions stands despite the lack of any negative words of limitation; an explicit statement of such intent is unnecessary. *Id.* at 152. This rule of statutory construction, *expressio unius est exclusio alterius* (see *id.*), guides our decision.

¶ 15 Petitioners claim that, because the supreme court rules apply to the practice of law, Rules 11 and 12 must apply to the tax appeals. First, we note that service is not equivalent to filing. See *Shatku v. Wal-Mart Stores, Inc.*, 2013 IL App (2d) 120412, ¶ 11. In any event, the fact that the Board is granted authority to make reasonable rules implies that it can make rules that do not mimic rules propounded by others. We discern nothing that suggests that the Board has the authority to make reasonable rules only so long as they are identical to another particular set of rules. We determine that Rules 11 and 12 do not control the Board's rule-making powers to the extent claimed.

¶ 16 By no means can we conclude, as petitioners urge us to do, that the Board in this case "cannot promulgate a rule" regarding acceptable means of filing tax appeals, nor do we agree with petitioners that the Board is promulgating rules that limit or restrict attorneys in the practice of law. Petitioners employ faulty logic in suggesting that the Board is usurping the power of the supreme court by adopting its own rules. By establishing these rules, the Board is complying with the requirements of the Tax Code. See *People ex rel. Courshon v. Hirschfield*, 43 Ill. App. 3d 432, 435 (1976).

¶ 17 Petitioners argue that the Board is a quasi-judicial body regulated by the Tax Code and that the supreme court rules control. Petitioners rely on *In re Yamaguchi*, 118 Ill. 2d 417, 427 (1987), which held that filing an appeal with a board of review on behalf of homeowners and appearing as an advocate at a board of review hearing is the practice of law. However, *Yamaguchi* is inapposite. Yamaguchi, a licensed attorney, was sanctioned by the supreme court for deceiving the board and the homeowners into believing that the valuation complaints had been evaluated by another attorney and for intentionally aiding a nonlawyer real estate broker in the unauthorized practice of law. The real estate broker had been signing valuation complaints on behalf of homeowners, even though the board's rules required such a complaint to be signed by either a licensed attorney or the homeowner. *Yamaguchi* did not

hold that the board was quasi-judicial, as petitioners urge. Rather, the board's rules requiring an attorney or the homeowner to sign a complaint controlled the result.

¶ 18 Similarly, petitioners' reliance on *In re Howard*, 188 Ill. 2d 423 (1999), is misplaced. In *Howard*, an attorney whose license was suspended consulted with three criminal defendants, giving advice and accepting fees for services rendered. The supreme court held that this was the unauthorized practice of law, even though the consultations did not take place in a courtroom. *Id.* at 438. This holding does not give rise to an inference that sending a tax appeal to the Board amounts to the practice of law and that therefore the Board's rules are superseded by the supreme court rules.

¶ 19 As a practical matter, had petitioners sent the appeals via United States mail, the postmark would have served as the date of filing, and the Board would have considered the appeals timely. To reiterate, the Board has the authority pursuant to section 9-5 of the Tax Code (35 ILCS 200/9-5 (West 2012)) to establish rules governing its own procedures. Until the Board extends its filing rules to apply the mailbox rule to third-party commercial carriers, appeals sent by any other means must be actually received on or before the due date. The mailbox rule does not apply in this case.

¶ 20 B. Equitable Argument

¶ 21 Pursuant to section 2-615(e) of the Code, the Board filed a motion for judgment on the pleadings, which the trial court granted. In response to the Board's motion, petitioners argued, in addition to the legal arguments addressed above, that the St. Charles Township tax appeal was sent via FedEx on September 12, 2013, the final day for filing per the publication notice. That appeal was not rejected as untimely. Petitioners further argued that, in reliance on the Board's acceptance of the St. Charles Township tax appeal, the 72 Aurora Township tax appeals were sent via FedEx on October 4. Petitioners asserted: "Not only can [the Board] not adopt rules which are unreasonable but in addition the [Board] cannot implement a rule in which it arbitrarily and unfairly applies at its discretion [*sic*]." Additionally, petitioners asserted that the Board acted arbitrarily and unfairly when it accepted 1 of the 72 appeals, but rejected the other 71, even though all 72 were sent at the same time and in the same manner.

¶ 22 Judgment on the pleadings is proper when the pleadings disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law; although this motion is similar to a motion for summary judgment, it is limited to the pleadings. *Illinois Tool Works, Inc. v. Commerce & Industry Insurance Co.*, 2011 IL App (1st) 093084, ¶ 15. The court must take as true all well-pled facts and all reasonable inferences from those facts, but must disregard any conclusory allegations and surplusage. *Id.* ¶ 16. We review *de novo* a trial court's grant of judgment on the pleadings. *Area Erectors, Inc. v. Travelers Property Casualty Co. of America*, 2012 IL App (1st) 111764, ¶ 19.

¶ 23 Procedural due process is about the specific procedures that have been used to deny a person life, liberty, or property. *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 433-34 (2000). Petitioners attempt to fulfill the requirements of a due process argument, but they fail because they do not develop this argument or cite relevant authority. *People v. Taylor*, 2013 IL App (2d) 110577, ¶ 31. Petitioners do not relate how reliance (be it reasonable or unreasonable) on a failure to abide by the Board's rule (either intentional or unintentional) in one instance constitutes a violation of due process, is unfair, or requires equitable relief.

Petitioners also do not cite authority in support of their redundant assertions of unfairness. For these reasons, petitioners have forfeited this issue. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) (argument must be supported by citation to authority); *People v. Haissig*, 2012 IL App (2d) 110726, ¶ 17.

¶ 24                                    III. CONCLUSION

¶ 25        The judgment of the circuit court of Kane County is affirmed.

¶ 26        Affirmed.