# Illinois Official Reports

## Appellate Court

---

### *Doe v. Coe*, 2017 IL App (2d) 160875

---

| | |
|---|---|
| Appellate Court Caption | JANE DOE, a Minor, by Her Mother and Next Friend, Jane A. Doe, and by Her Father and Next Friend, John Doe; JANE A. DOE, Individually; and JOHN DOE, Individually, Plaintiffs-Appellants, v. CHAD COE; THE FIRST CONGREGATIONAL CHURCH OF DUNDEE, ILLINOIS; PASTOR AARON JAMES; THE FOX VALLEY ASSOCIATION ILLINOIS CONFERENCE OF THE UNITED CHURCH OF CHRIST; THE ILLINOIS CONFERENCE OF THE UNITED CHURCH OF CHRIST; THE UNITED CHURCH OF CHRIST; THE GENERAL SYNOD OF THE UNITED CHURCH OF CHRIST; and THE UNITED CHURCH OF CHRIST BOARD, Defendants (The Fox Valley Association Illinois Conference of the United Church of Christ; the Illinois Conference of the United Church of Christ; the United Church of Christ; the General Synod of the United Church of Christ; and the United Church of Christ Board, Defendants-Appellees). |
| District & No. | Second District<br>Docket No. 2-16-0875 |
| Filed | August 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 15-L-216; the Hon. James R. Murphy, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Francis C. Lipuma, of Law Office of Francis C. Lipuma, of Chicago, and Kevin M. Lyons, of Lyons Law Group, LLC, of Downers Grove, for appellants.

James E. Abbott and Michael L. Hahn, of Litchfield Cavo LLP, of Chicago, for appellees.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Hutchinson and Zenoff concurred in the judgment and opinion.

## OPINION

¶ 1 Plaintiffs, Jane Doe, Jane A. Doe, and John Doe, brought claims against several individuals and entities that were part of the United Church of Christ (UCC). The claims were based on the sexual misconduct of Chad Coe during his tenure as youth pastor at the First Congregational Church of Dundee, Illinois (FCC), a congregation within the UCC. Plaintiffs alleged that Coe groomed Jane Doe, a minor and member of the FCC's youth group, and eventually had sex with her on FCC's property. Defendants in this appeal are the UCC, the UCC Board, the General Synod of the UCC, the Illinois Conference of the UCC (IUCC), and the Fox Valley Association of the Illinois Conference of the UCC. The trial court dismissed with prejudice plaintiffs' claims against defendants, but we reverse and remand for further proceedings.

¶ 2                              I. BACKGROUND

¶ 3 In their complaint, plaintiffs alleged that defendants were negligent in the hiring, supervision, and retention of Coe. Defendants filed a motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2014)), combining arguments for dismissal under section 2-615 and section 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2014)).

¶ 4 "A section 2-615 motion attacks the legal sufficiency of the plaintiff's claims, while a section 2-619 motion admits the legal sufficiency of the claims but raises defects, defenses, or other affirmative matter, appearing on the face of the complaint or established by external submissions, that defeats the action." *Aurelius v. State Farm Fire & Casualty Co.*, 384 Ill. App. 3d 969, 972-73 (2008). For the section 2-619 component of their motion, defendants submitted the affidavits of Jorge Morales and John Dorhauer as affirmative matter defeating plaintiffs' allegation that Coe was defendants' employee at the relevant time.

¶ 5 Morales averred that he was the "Conference Minister" of the IUCC, while Dorhauer claimed that he was the "General Minister and President" of the UCC. Both affiants stated that they were "knowledgeable regarding the Constitution and Bylaws of the [UCC] as well as the ecclesiastical structure of the [UCC]." Both affiants described the UCC as "an unincorporated

Protestant religious association consisting of Local Churches, Associations, Conferences and a General Synod." They asserted that those various entities within the UCC were "separate, distinct, and autonomous," and therefore "free to choose the manner and methods in which they conduct their own business affairs." To support their claims about the organizational structure of the UCC, Morales and Dorhauer quoted the UCC constitution. According to Morales and Dorhauer, Coe was strictly the employee of the FCC and not of defendants. Defendants were not involved, nor had authority to be involved, in the hiring of Coe by the FCC. They also lacked authority to discipline or terminate Coe.

¶ 6 For the section 2-615 component of their motion to dismiss, defendants contended that plaintiffs failed to allege facts establishing that defendants knew or should have known of Coe's particular unfitness for the position of youth pastor.

¶ 7 In their response to the motion to dismiss, plaintiffs asserted that the affidavits of Morales and Dorhauer were, in several respects, out of compliance with Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013). One deficiency pointed out by plaintiffs was that neither Morales nor Dorhauer attached the constitution and bylaws of the UCC, which each affiant cited as support for his assertions about the UCC's organization. Subsequently, defendants attached copies of the UCC constitution and bylaws to their reply in support of their motion to dismiss. (While the record indicates that the constitution and bylaws are separate documents, we refer to them collectively, after the parties' usage on appeal.)

¶ 8 The trial court found merit in both components of defendants' motion to dismiss. The court determined that plaintiffs failed to allege that defendants "knew or should have known about [Coe's] background or his particular unfitness for [his] job [as youth pastor]." On the section 2-619 aspect of defendants' challenge, the court implicitly rejected plaintiffs' argument that the affidavits of Morales and Dorhauer were deficient under Rule 191(a). The court found that the affidavits were "conclusive on *** autonomous relationship, the nonhierarchical formation of the church and the formation of the [UCC] as a congregational organization." According to the court, the affidavits established that Coe was not employed by defendants, and therefore they defeated plaintiffs' claims.

¶ 9                                              II. ANALYSIS

¶ 10 On appeal, plaintiffs renew their argument that the affidavits of Morales and Dorhauer did not comply with Rule 191(a). The interpretation of a supreme court rule is a question of law that we review *de novo. BLTREJV3 Chicago, LLC v. Kane County Board of Review*, 2014 IL App (2d) 140164, ¶ 12. We agree that the affidavits were fatally deficient because the affiants failed to attach copies of the UCC constitution and bylaws. Rule 191(a) provides in pertinent part:

"Affidavits in support of and in opposition to a motion for summary judgment under section 2-1005 of [the Code] [735 ILCS 5/2-1005 (West 2014)] [and] affidavits submitted in connection with a motion for involuntary dismissal under section 2-619 of [the Code] *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; *shall have attached thereto sworn or certified copies of all documents upon which the affiant relies*; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one

- 3 -

person, two or more affidavits shall be used." (Emphasis added.) Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013).

The italicized portion of this language states the "attached-papers requirement," as the court in *Robidoux v. Oliphant*, 201 Ill. 2d 324, 344 (2002), termed it. In *Robidoux*, the court found that the affidavit of the plaintiff's expert failed to meet the attached-papers requirement because the expert did not attach the documents on which he relied for his assertions. *Id.* at 339, 344. The court held that "strict compliance" with Rule 191(a) is "necessary *** to insure that trial judges are presented with valid evidentiary facts upon which to make a decision." (Internal quotation marks omitted.) *Id.* at 336. Although the court was speaking in the context of a summary judgment proceeding, the need for strict compliance with Rule 191(a) applies equally in a proceeding on a motion for involuntary dismissal under section 2-619 of the Code. The reason is that, in both proceedings, the question for decision is whether the existence of a genuine issue of material fact precludes dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007).

¶ 11 Defendants claim that the attached-papers requirement did not mandate attachment of the UCC constitution and bylaws because both Morales and Dorhauer professed personal knowledge of the UCC's organization independent of the documents. Regardless of what Morales and Dorhauer might have known apart from the documents, they quoted the UCC constitution and bylaws to support their assertions about the autonomy of the various entities within the UCC, and thus relied on the documents within the meaning of the rule. Consequently, they were required to attach the documents so that the trial court could review the bases for their assertions.

¶ 12 Defendants ask us to relax the attached-papers requirement in these circumstances because (1) plaintiffs evidently were familiar with the UCC constitution and bylaws, since they cited them in their complaint (yet, we note, did not attach them there), and (2) defendants ultimately attached the documents to their reply in support of their motion to dismiss, and therefore the trial court had them for review. As we construe *Robidoux*, there is no room for exception to the attached-papers requirement. See *Robidoux*, 201 Ill. 2d at 339-40 (stating that Rule 191(a) must be enforced as written and rejecting the notion that failure to comply with the attached-papers requirement is a "technical violation" of the rule).

¶ 13 Even if *Robidoux* could be read as allowing some flexibility in the attached-papers requirement, there is no room for exception on the grounds defendants suggest. First, since the intent of Rule 191(a) is to provide the *trial court* with a valid evidentiary basis upon which to rule (*id.* at 336), it is immaterial that plaintiffs were already familiar with the UCC constitution and bylaws when they filed their complaint.

¶ 14 It is even immaterial that the trial court could resort to copies of the UCC constitution and bylaws elsewhere in the record. The majority in *Robidoux* enforced the attached-papers requirement without denying the dissent's observation that the documents on which the plaintiff's expert relied "were already filed of record." *Id.* at 350 (Kilbride, J., dissenting, joined by Harrison, C.J.). The dissent was concerned about the "practical implications of the majority's interpretation of the attachment requirement" and suggested that a party should be able to meet the requirement by incorporating by reference documents already filed. *Id.* Without commenting on the dissent's concerns, the majority refused to excuse the affiant's failure to attach the documents.

¶ 15    Notably, even though copies of the UCC constitution and bylaws were elsewhere in the record, they were not "sworn or certified" copies as required by Rule 191(a) (Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013)).

¶ 16    Defendants cite several decisions, none of which sways our understanding of the attached-papers requirement. They cite an unpublished decision, for which we admonish them that our supreme court rules prohibit such citations except for certain purposes, none of which are involved here. See Ill. S. Ct. R. 23(e)(1) (eff. July 1, 2011). Defendants also cite *Otis Elevator Co. v. American Surety Co.*, 314 Ill. App. 479, 484 (1942), where the First District Appellate Court found that the plaintiff "substantially complied" with Illinois Supreme Court Rule 15 (eff. Aug. 1, 1938), a prior version of Rule 191(a), because the documents referenced in the affidavits submitted by the plaintiff were either attached to the plaintiff's complaint, in the defendant's possession, or available to the defendant for review. We decline to follow *Otis Elevator*, as its holding is questionable following *Robidoux*'s declaration that there must be strict compliance with Rule 191(a) and that the failure to attach the documents on which the affiant relies is not a technical violation of the rule. *Robidoux*, 201 Ill. 2d at 336, 339-40.

¶ 17    Defendants also bring to our attention *Nichols v. City of Chicago Heights*, 2015 IL App (1st) 122994, another case from the First District. In *Nichols*, the plaintiffs attacked on several grounds an affidavit submitted by the defendant. One ground was that the affidavit, contrary to Rule 191(a), did not attach the city resolutions on which the affiant relied. The trial court denied the plaintiff's motion to strike. The appellate court, without acknowledging *Robidoux*, implicitly rejected the plaintiff's attachment argument. *Id.* ¶ 62. Since this holding is inconsistent with *Robidoux*, we decline to follow *Nichols*.

¶ 18    We join, rather, those cases (including another decision from the First District) that give the language of *Robidoux* its due and regard the attached-papers requirement as rigid. See *Lucasey v. Plattner*, 2015 IL App (4th) 140512, ¶ 23 ("That the various documents Peterson failed to attach to his affidavit may be found elsewhere in this record is utterly irrelevant."); *Preze v. Borden Chemical, Inc.*, 336 Ill. App. 3d 52, 57 (2002) ("The plain language of Rule 191(a) requires that documents supporting an affidavit must be attached. [Citation.] The failure to attach the documents is fatal. [Citation.]").

¶ 19    In light of *Robidoux*, we hold that the trial court erred in relying on the affidavits of Morales and Dorhauer in granting the section 2-619 component of defendants' motion to dismiss. Defendants do not ask us to affirm the dismissal independently of the trial court's ruling on their section 2-619 challenge. In fact, in their arguments on appeal, defendants do not treat their section 2-615 and 2-619 challenges as independent but weave the affidavits of Morales and Dorhauer into what they label as an attack on the legal sufficiency of plaintiffs' complaint. Those aspects that we can identify as proper challenges to the legal sufficiency of the complaint fail to demonstrate an alternative basis for affirmance. Defendants provide virtually no legal context for their challenges. They do not set forth the elements of the negligence claims brought by plaintiffs, and their sole relevant citation is a parenthetical sketch of the holding in *Van Horne v. Muller*, 185 Ill. 2d 299 (1999). Like an appellant's brief, an appellee's brief must conform to Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016), which requires that arguments be supported by authority. Defendants' arguments do not meet this requirement. Consequently, defendants fail to demonstrate an alternative basis to affirm the dismissal of plaintiffs' complaint.

## III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Kane County and remand for further proceedings.

Reversed and remanded.